UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SANG TRAN,<br><br>        Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant | )<br>)<br>)<br>)<br>)  2:10-cv-00531-GZS<br>)<br>)<br>)<br>) |

## RECOMMENDED DECISION

On January 19, 2011, I issued an order that Plaintiff shall notify the court no later than February 9, 2011, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. Plaintiff was further advised that failure to fully comply with the order will result in the issuance of a recommendation to dismiss the complaint. As of today's date, the court has received no communication from Plaintiff.

In the Order of January 19, 2011, I cautioned Plaintiff that his complaint is particularly susceptible to dismissal. In his cover letter accompanying the complaint Tran indicated that he hoped to originate an "original proceeding" under specific federal statutory provisions. He specifically requested that his petition not be treated as a prisoner petition pursuant to 28 U.S.C. § 2255, although Tran's complaint most decidedly is a challenge to the constitutionality and/or legality of his criminal sentence imposed in this court on June 23, 2005, as modified on May 30, 2008. (See United States v. Tran, 2:04-cr-00092-GZS-1, Doc. Nos. 85, 101.) In my January 19 order, I further cautioned Tran that he would be well advised to consider Seventh Circuit

precedent addressing a somewhat similar effort by a prisoner to avoid the pleading hurdles created by the gate-keeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) by trying to invoke the ancient writ of *audita querela*. The lesson of the opinion is that prisoners cannot avoid the AEDPA's rules by inventive captioning. See <u>Melton v. United States</u>, 359 F.3d 855, 856-57 (7th Cir. 2004). I further indicated that should Tran elect to proceed with this civil lawsuit and incur the cost of the filing fee, I would most probably recommend that his "Complaint for Declaratory and Injunctive Relief and for Personal Replevin" be subject to summary dismissal.

In light of Tran's failure to respond to the January 19 order, I recommend that the complaint be DISMISSED in its entirety for Plaintiff's failure to prosecute the action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 16, 2011

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge